

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
~~----~~
ATTORNEY GENERAL

*Reaffirmed by*
*WW-1265*

Honorable J. F. Holubec
County Auditor, Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. 0-6096
Re: Whether a constable is
entitled to a fee in a
misdemeanor case where
there is an acquittal,
and a related matter.

Your letter of July 1, 1944, requesting the opinion
of this department on the questions stated therein, is, in part,
as follows:

"* * * Article 1052 C. C. P. provides in sub-
stance as follows:

"'The Commissioners Court shall approve
such account for such amount as they find
to be correct, and order a draft to be is-
sued upon the County Treasurer in favor of
such Judge or Justice for the amount so
approved. Provided the Commissioners Court
shall not pay any account or trial fees in
any case tried and in which an acquittal is
had unless the State of Texas was represen-
ted in the trial of said cause by the County
Attorney, or his assistant, Criminal District
Attorney or his assistant, and the certifi-
cate of said Attorney is attached to said
account certifying to the fact that said
cause was tried, and the State of Texas was
represented and that in his judgment there
was sufficient evidence in said cause to
demand a trial of same.'

"As you will note, the statute is silent about
a constable's fees and I would like to know from your
department whether in your opinion the constable be
entitled to his fees in acquittal and also whether
or not the Justice and the Constable would be entitled
to their fees in criminal case in Justice Court where
the case was tried twice and both trials resulted in
an hung jury and finally the case dismissed by

TION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSI...

County Attorney. * * *"

Article 1052, Vernon's Annotated Code of Criminal Procedure, does not pertain to the fees or compensation of sheriffs or constables. This statute pertains only to the compensation of Judges and Justices of the Peace.

Article 1065, Vernon's Annotated Code of Criminal Procedure, allows certain fees to the sheriff or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction.

Article 1067, Vernon's Annotated Code of Criminal Procedure, provides, in effect, that constables, marshals or other peace officers who execute process and perform services for justices in criminal actions, shall receive the same fees allowed to sheriffs for the same services.

It will be noted, after considering the foregoing statutes, that a constable in misdemeanor cases is entitled to the fees authorized by Article 1065, supra, on conviction of the defendant and that such fees are to be taxed against the defendant. Therefore, you are respectfully advised that a constable is not entitled to his fees in misdemeanor cases where the defendant is acquitted.

We now consider your second question with reference to the compensation of the justice of the peace and the constable in a misdemeanor case in the justice court where the case was tried twice and each trial resulted in a mistrial and was finally dismissed upon motion of the county attorney. In view of what has heretofore been said with reference to the fees of the constable, it is clear that the constable would not be entitled to any fee where the case was dismissed, although such case had been tried twice and resulted in a mistrial each time prior to the dismissal of such case.

In the case of Brackenridge v. State, 11 S. W. 630, the court, in passing upon a similar question, pertaining to the compensation of a county judge, used the following language:

"The case must have been tried and finally disposed of before him, he must both try and finally dispose of it, such is the plain language of the statute. The trial is an examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a case, for the purpose of determining such issues.

"A dismissal of the case is to send it out of the court without a trial upon any issue involved in it. It is the final disposition of that particular case, but is not a trial of it."

In the case of Richardson v. State, 4 S. W. (2d) 79, it was held in effect that when the case was disposed of by motion to quash, the County Judge was entitled to a fee under Article 1052, Vernon's Annotated Code of Criminal Procedure, payable by the county. We do not think this case establishes a different rule as laid down in the case of Brackenridge v. State, supra, for there is a distinction in a motion to quash and a motion to dismiss.

The plain and specific language of Article 1052, supra, is that the judge or justice of the peace must both try and finally dispose of the case before him to be entitled to the fee provided therein. This department has repeatedly held that the justice of the peace is not entitled to the fees provided by Article 1052, supra, when the case is dismissed upon motion of the state's attorney.

You are respectfully advised that it is the opinion of this department that the justice of the peace is not entitled to the fees provided by Article 1052, Code of Criminal Procedure, although there has been two trials of such case resulting in a mistrial but was later dismissed upon motion of the county attorney. The case was tried twice by the justice of the peace but such trials did not finally dispose of the case before him and was later disposed of upon motion of the county attorney to dismiss. Therefore, it is our opinion that the justice of the peace would not be entitled to the compensation allowed by Article 1052, supra, in such case.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 10, 1944

*Blackburn*

ATTORNEY GENERAL OF TEXAS

AW:EP



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN